IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:05CR537 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | GOVERNMENT'S RESPONSE TO |
| | ) | DEFENDANT'S MOTION FOR |
| TYRON BROWN, | ) | PRODUCTION OF INTERVIEW |
| | ) | REPORTS OF INDIVIDUALS WHO |
| Defendant. | ) | ARE NOT INTENDED TO BE |
| | ) | CALLED BY THE GOVERNMENT |
| | ) | <u>AT TRIAL</u> |
| | ) | |

Now comes the United States of America, by and through its counsel, Gregory A. White, United States Attorney, and Blas E. Serrano, Assistant United States Attorneys, and responds to Defendant's Motion for Production of Interview Reports of Individuals Who are not Intended to be Called by the Government at Trial.

Defendant Brown makes a general, unsupported request for the government to produce reports and memoranda on interviews, without any basis that such is exculpatory. A general request

-2-

under Brady v. Maryland, 373 U.S. 83 (1963) is insufficient for a disclosure of material that is not discoverable.  Also the information sought by the defense motion places a great, unnecessary burden on the Court and the government, for the defendant's request for a "fishing expedition" on the government's files.

Rule 16(a)(2) of the Federal Rules of Criminal Procedure exclude from pretrial discovery reports, memoranda, or other internal government documents made by government agents in connection with the investigation or prosecution of the case.  The defendant's request is in essence for the government to produce its file for inspection, a practice not authorized by any rule of court or Sixth Circuit precedent.  "[T]he Brady rules do not require the government to open its files and assist in preparing a defense. Moore v. Illinois, 408 U.S. 786 (1972).  Requiring the government either to determine or disclose information, which is arguably exculpatory material, is neither within the spirit nor the letter of the Brady doctrine." United States v. Penix, 516 F. Supp. 248, 254 (W.D. Okla. 1981) (emphasis added), citing United States v. Conder, 423 F.2d 904 (6th Cir.), cert. denied, 400 U.S. 958 (1970).

The government is aware of its obligation under Brady v. Maryland, 373 U.S. 83 (1963), which requires the government to produce any exculpatory material and the legal and ethical

-3-

consequences. If any exculpatory material is discovered, it will be turned over to the defense immediately.

          Respectfully submitted,

          GREGORY A. WHITE
          United States Attorney

By: s/Blas E. Serrano
    Blas E. Serrano
    Assistant U.S. Attorney
    Reg. No. 0009879
    United States Courthouse
    801 West Superior Avenue
    Suite 400
    Cleveland, Ohio 44113
    PHONE: (216) 622-3873
    FAX: (216) 522-7499
    blas.serrano@usdoj.gov

-4-

CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of February 2006, a copy of the foregoing Government's Response to Defendant's Motion for Production of Interview Reports of Individuals who are not Intended to be Called by the Government at Trial was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

s/ Blas E. Serrano
Blas E. Serrano
Assistant U.S. Attorney